Cortés, Petitioner and Appellant, v. Workmen's Relief Commission, Defendant and Appellee.

Appeal from the District Court of Aguadilla in Certiorari Proceedings.

### No. 3098.—Decided May 31, 1924.

Labor Accident—Workmen's Relief Commission—Appeal—Reconsideration.— A decision of the Workmen's Relief Commission is final and appealable to the proper district court, in accordance with section 9 of Act No. 61 of 1921 governing the matter. The fact that in the particular decision referred to it was said that "it may be reconsidered by the commission at the instance of the injured workman or the employer  *  *  * " and the fact that the employer asked for its reconsideration, do not deprive the employer of his right to appeal if he elects to appeal in time.

The facts are stated in the opinion.

*Mr. A. García Ducós* for the appellant.

*The Attorney General* and *Messrs. J. A. López Acosta* and *Guerra Mondragón & Soldevila* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Monserrate Cortés González, as guardian of Marcelino Méndez, filed in the District Court of Aguadilla, on January 10, 1923, a petition for a writ of certiorari to review a certain decision of the Workmen's Relief Commission. The writ was issued and at the hearing the commission moved that the petition be denied because the petitioner had moved the commission to reconsider the decision sought to be reviewed by certiorari. Notwithstanding the objection of Monserrate Cortés González the court sustained the motion of the commission, dismissed the certiorari proceeding and discharged the writ "on the ground that the decision sought to be reviewed is not final." The court also ordered that

the record be sent back to the commission so that the commission might render its final decision in the matter.

At the conclusion of the decision of the Workmen's Relief Commission referred to the following appears: "This decision may be reconsidered by the commission at the instance of the injured workman or the employer, if a motion for reconsideration be made within thirty days after receiving notice hereof." The motion for reconsideration was made on January 17, 1923, within the time allowed, and was pending when the record was sent up to the District Court of Aguadilla in compliance with the writ of certiorari.

The petitioner took the present appeal and assigns three errors. The appellant maintains that the decision of the commission is final; that the decision of the district court, therefore, was erroneous, and that both reconsideration and appeal can be proceeded with at the same time. The appellant cites no jurisprudence and refers only to the decision of this court in the case of *Workmen's Relief Commission* v. *District Court of Aguadilla*, 31 P.R.R. 383, in which it was held that certiorari was premature, contending that said decision is not applicable to the present case.

We agree with the appellant as to the distinction drawn between the two cases. In the case cited the decision was rendered by the chairman of the commission and it was necessary to move for reconsideration by the commission in accordance with the statute while in this case the decision was rendered by the commission. Therefore, the doctrine there laid down is not applicable. This is a new case that must be decided on its own merits.

The question is whether or not the decision of the commission is final.

Section 6 of the Workmen's Accident Compensation Act, as amended by Act No. 61 of 1921, Laws of 1921, p. 483, prescribes that "Cases of death, of total disability or of

permanent partial disability, shall be decided by the commission," and section 9 of the said Act, Laws of 1921, p. 487, gives the right of appeal to the district court from the decision of the commission. The law does not require that reconsideration be sought before an appeal is taken. This being so, the question must be answered in the affirmative.

What is the scope of the decision of the commission concerning reconsideration? All final judgments are susceptible of reconsideration, according to law, although nothing be said by the court in that connection. Perhaps the commission in this particular case had doubts in rendering its decision and was anxious to hear the parties again. We do not know what is the general practice. The commission filed no brief on appeal. But if our hypothesis is true, the commission should have set a day for a new hearing before rendering its final decision.

This being our opinion, it follows that the appeal to the district court was properly taken.

The fact that a reconsideration was moved for does not change the conclusion which we have reached. If the appellant had stated clearly in the district court that she had abandoned the right to reconsideration, she would have made her position perfectly clear. She did not do so and her theory that both modes of review can be followed at the same time is clearly untenable. However, as she urgently insisted in prosecuting her appeal, we are of the opinion that the district court should have heard it and that therefore the judgment of that court is erroneous and should be reversed.

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.